UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ETHAN SHEPPARD MCKINNEY,

    Petitioner,

v.

SNOHOMISH COUNTY CORRECTIONS,

CASE NO. 2:22-cv-01089-TL-BAT

**REPORT AND RECOMMENDATION**

Petitioner, a pretrial detainee at Snohomish County Corrections, filed a *pro se* 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus alleging (I) "I am being held on a bail that is higher than my annual income. I have had two bail reductions which has not met my needs," and (II) "There is no evidence to support charges. There is no evidence supporting the fact that I was involved in this crime. There is no evidence, no photos, no audio. Only one officer claiming he was able to I.D. me." Dkt. 1 at 6. As relief, Petitioner seeks immediate release from custody and alternatively a reduction of bail to "$1,000 or $100 payable to the Courts." *Id.* at 7.

The habeas petition was also submitted without an application to proceed *in forma pauperis* (IF) or payment of the filing fee. The clerk notified Petitioner of this deficiency and advised him the case was subject to dismissal if the filing fee was not paid or an application to proceed IFP were not submitted by September 6, 2022. Dkt. 2. To date, the Court has received

REPORT AND RECOMMENDATION - 1

nothing from Petitioner.

Under Rule 4 of the Rules Governing § 2254 cases, the Court must perform a preliminary review of a habeas petition and should dismiss the petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 also applies to habeas petitions brought under § 2241. *See* Rule1(b) of the Rules Governing Section 2254 cases ("The district court may apply any and all of these rules to a habeas corpus petition not covered" by 28 U.S.C. § 2254.).

Upon review of the habeas petition, the Court recommends abstaining from interfering with Petitioner's on-going state criminal prosecution and DISMISSING without prejudice the § 2241 habeas petition. The Court further concludes no amendment will alter the fact the Court should abstain, and thus leave to amend the petition should be denied as futile. Finally the Court concludes issuance of a certificate of appealability (COA) should be denied. The petition should also be dismissed without prejudice because Petitioner has not paid the filing fee or applied to proceed IFP.

## DISCUSSION

A federal court normally construes a habeas petition filed by a prisoner in pretrial criminal detention under 28 U.S.C. § 2241. *See White v. Lambert*, 370 F.3d 1002, 1007 (9th Cir. 2004). A federal court, however, must normally abstain from interfering in a pending state criminal prosecution. *See Carden v. Montana*, 626 F.2d 82, 83-84 (1980), cert. denied, 449 U.S. 1014 (1980); *see also Younger v. Harris*, 401 U.S. 37, 43-54 (1971). The *Younger* abstention doctrine is based upon principles of equity and comity. *Younger*, 401 U.S. at 43-54. Under *Younger*, federal courts should refrain from exercising their equitable powers when a movant has an adequate remedy at law. *Id.* Comity requires the federal government to let states be "free to

perform their separate functions in their separate ways." *Id.* at 44. The Ninth Circuit applies a four-part test to determine application of the *Younger* abstention doctrine:

> We must abstain under *Younger* if four requirements are met: (1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, *i.e.*, would interfere with the state proceeding in a way that *Younger* disapproves.

*San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008). Federal courts do not invoke the *Younger* abstention if there is a "showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982).

Each of the *Younger* abstention criteria are satisfied here. First, by challenging a state court bail determination, and the sufficiency of pending criminal charges, the present habeas petition challenges ongoing state court criminal proceedings. That state criminal charges are pending is reaffirmed by the remedy requested: an order of immediate release or reduction of bail to $100 payable to the Courts. This remedy could only apply to a pending state criminal charges.

Second, as the habeas petition challenges an on-going state criminal prosecution, the claims that the petition asserts implicate important state interests. *See Kelly v. Robinson*, 479 U.S. 36, 49, (1986); *Younger*, 401 U.S. at 43-44.

Third, the habeas petition fails to show Petitioner has been denied an adequate opportunity to address the alleged constitutional violations in the state court proceedings. The habeas petition alleges the state court has provided Petitioner with two bail reduction hearings indicating Petitioner has been provided an adequate opportunity to litigate his bail reduction

REPORT AND RECOMMENDATION - 3

claim. Petitioner also alleges there is insufficient evidence to charge him with crimes but there is nothing showing he has filed a dismissal motion in state court or that the state court refuses to afford him the opportunity to file such a motion. Washington courts have long held a "trial court has the power to dismiss a criminal prosecution before trial without prejudice if the facts as alleged by the State, if true would not prove the charge." *State v. Knaptsad*, 107 Wn.2d 346, 352 (1986). Petitioner thus has an opportunity to litigate his claim in the state courts.

And fourth the habeas petition seeks relief that effectively enjoins the pending criminal proceedings by overruling the state court's bail determination and the state prosecutor's determination to proceed with criminal charges rather than dismiss them on insufficiency grounds.

The habeas petition also fails to show bad faith, harassment, or some other extraordinary circumstance that would warrant federal intervention before his criminal proceedings and any appeal is completed. Petitioner has had two bail reduction hearings establishing the state courts have not ignored Petitioner's desire to be released but have considered his requests. That Petitioner disagrees with the state court's bail determination does not show "bad faith" otherwise all pretrial criminal defendants would have to be automatically released. Petitioner also claims there "is no video, no photos, no audio" and thus no evidence he was "involved" in the criminal offenses alleged. However, he acknowledges "there is only one officer claiming he was able to I.D. me." There is, therefore, evidence to support the pending criminal charges against Petitioner and the habeas claim presented here addresses the weight of the evidence, not a lack of evidence. As an officer identified Petitioner as being involved in the crimes alleged, there is no basis to conclude the criminal charges have been brought in bad faith.

REPORT AND RECOMMENDATION - 4

1    Because all four *Younger* factors are met in this case, the Court should abstain and

2    dismiss the habeas petition without prejudice. *See Carden*, 626 F.2d at 84. The alleged violations

3    Petitioner claims have occurred are matters that can and should be addressed in the first instance

4    by the state trial court, and then by the state appellate courts, before Petitioner seeks a federal

5    writ of habeas corpus.

6    This matter should also be dismissed without prejudice because Petitioner has neither

7    paid the filing fee, nor applied to proceed IFP.

## CERTIFICATE OF APPEALABILITY

A state prisoner seeking federal habeas relief under § 2241 or § 2254 may appeal a district court's dismissal of the petition only after obtaining a certificate of appealability ("COA") from a district or circuit judge. A COA may be issued only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3); *Wislon v. Belleque*, 554 F.3d 816, 825 (9th Cir.2009) ("We confirm what our cases have previously suggested and join the other circuits in holding that a state prisoner who is proceeding under § 2241 must obtain a COA under § 2253(c)(1)(A) in order to challenge process issued by a state court.").

A prisoner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

Under this standard, the Court finds no reasonable jurist would disagree that a federal court should abstain from interfering with Petitioner's pending criminal charges and order his

immediate release or find there is no evidence to support his criminal case as Petitioner requests. Accordingly, a COA should be DENIED.

## OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order. Therefore a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed no later than **September 30, 2022.** The Clerk shall note the matter for **September 30, 2022**, as ready for the District Judge's consideration. The failure to timely object may affect the right to appeal.

DATED this 16th day of September, 2022.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 6